# LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Russell H. Quynn

v.

Ada B. C. Quynn

September 27, 1963

Ended File No. A-6095

By JUDGE ROBERT LEWIS YOUNG

Mere cessation of matrimonial cohabitation, alone, does not establish desertion on the part of either spouse. While I am sure all available evidence has been presented, I am unable to say that the separation is clearly the fault of either party, and, therefore, cannot grant either the first prayer of the original bill or the prayer of the cross-bill. The complainant husband is, of course, clearly entitled to an absolute divorce upon the ground of three years continuous separation.

The next question is should the Court allow alimony or some lump sum in lieu of dower, the latter a rather novel demand. Before Code Section ˉ20-91(9) was enacted (Acts 1960, c. 108) the general policy of our law was to the effect that a wife guilty of such conduct as authorized granting the husband a divorce was entitled to nothing from the estate or earnings of the husband. See also Code Sections 64-19, 64-24, 64-35. The same considerations do not apply in a case like this. Dower is extinguished upon the granting of a decree from the bond of matrimony. Code Sec. 20-111.

I am of the opinion that Code Sec. 20-107, as amended, Acts 1962, confers upon the Court discretionary power to award a lump sum to the wife in a case like this based, in part, upon the fact that her inchoate dower rights are being extinguished. I do not say she has a legal right to it, but that the Court may grant it.

Judge Burks, in Harris v. Harris, 72 Va. (31 Gratt.) 13, at p. 34 (1878), posed substantially this question, but did not answer it. Of course, he could not have considered the case of a divorce in favor of a husband without proof of fault on the part of the wife.

The draft of the decree may contain a provision providing for the payment by the husband to the wife of the lump sum of $3,000.00, also a fee of $250.00 to defendant's counsel and her costs.